**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **HARRY MARTELL RODRÍGUEZ,**<br><br>　　　Plaintiff,<br><br>　　　　　v.<br><br>**ADMINISTRACIÓN DE CORRECCIÓN, ET AL.**<br><br>　　　Defendant. | Civil Case. NO. 12-1726 (PG) |

**OPINION AND ORDER**

Before the Court is Defendant Pedro Santos Echevarria's motion to dismiss pursuant to FED.R.CIV.P. 12(b)(6) (Docket No. 11). Therein, Defendant requests that this Court dismiss the claim brought by Plaintiff under 42 U.S.C. § 1983, insofar as the latter failed to exhaust the administrative remedies prior to filing the above-captioned complaint. For the reasons stated below, this Court **GRANTS** Defendant's request, and **DISMISSES WITHOUT PREJUDICE** Plaintiff's claim.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

On May 14, 2012, plaintiff Harry Martell Rodriguez (hereinafter "Plaintiff") filed Remedy Request FMCP-254-12 before the Puerto Rico Department of Correction and Rehabilitation's Administrative Remedies Division. Therein, Plaintiff sought relief after defendant Pedro Santos Echevarria (hereinafter "Defendant") allegedly failed to process some letters he had sent through the U.S. Postal Office. In his request, Plaintiff alleges having exhausted all possible administrative remedies. See Docket No. 2-1.

On May 17, 2012, Plaintiff's request was dismissed because it failed to comply with Rules VII(1) and XIII(7)[1] of the applicable regulation, namely, the Puerto Rico Department of Correction and Rehabilitation Regulation No. 8145 of January 23, 2012, titled "Regulation for Considering Requests for Administrative Remedies Filed by the Members of the Correctional Population" (hereinafter "Regulation"). See Docket No. 14-1. Shortly afterwards, on May 29, 2012, Plaintiff requested a reconsideration and, on June 19, 2012, the Regional Coordinator of the Administrative Remedies Division recommended that the previous determination be confirmed inasmuch as it was proper pursuant to the applicable Regulation.[2] Plaintiff then filed an appeal before the State Court of Appeals in which he sought judicial review of the agency's determination. The state court dismissed the claim for lack of jurisdiction. See Docket No. 14-3. On September 6th, 2012, Plaintiff filed the above-captioned complaint before this Court and Defendant filed a motion to dismiss pursuant to FED.R.CIV.P. 12(b)(6) arguing that Plaintiff had failed to exhaust the administrative remedies.

## II. STANDARD OF REVIEW

Motions to dismiss brought under FED.R.CIV.P. 12(b)(1) and 12(b)(6) are subject to the same standard of review. See Negrón-Gaztambide v. Hernández-Torres, 35 F.3d 25, 27 (1st Cir. 1994). Firstly, when ruling on a motion to dismiss for failure to state a claim, a district court "must

---

[1] Rule VII(1) states that "the member of the correctional population shall be responsible for filing the requests for remedies in a clear, concise, and honest manner, indicating the dates and names of the people involved in the incident. Likewise, the member shall offer all information needed to resolve his or her claim effectively." See Docket No. 14-1.

Rule XIII (7)(a) states that "the evaluating official has the authority to dismiss the following requests: A request that has not complied with the procedures of this regulation." See Docket No. 14-1.

[2] The Regional Coordinator noted that the claim lacked critical information, namely, the dates in which the letters at issue were sent. See Docket No. 14-2.

accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory." Rivera v. Centro Médico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009) (citing LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir. 1998)). Additionally, courts "may augment the facts in the complaint by reference to (i) documents annexed to the complaint or fairly incorporated into it, and (ii) matters susceptible to judicial notice." Gagliardi v. Sullivan, 513 F.3d 301, 306 (1st Cir. 2008) (internal citations and quotation marks omitted).

In determining whether dismissal of a complaint is appropriate pursuant to Rule 12(b)(1) or 12(b)(6), the court must keep in mind that "[t]he general rules of pleading require a short and plain statement of the claim showing that the pleader is entitled to relief… this short and plain statement need only give the defendant fair notice of what the… claim is and the grounds upon which it rests." Gargano v. Liberty Intern. Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009) (internal citations and quotation marks omitted). Nevertheless, "even under the liberal pleading standard of Federal Rule of Civil Procedure 8, the Supreme Court has… held that to survive a motion to dismiss, a complaint must allege 'a plausible entitlement to relief.'" Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 559 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009)

(citing Twombly, 550 U.S. at 556). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level… on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (internal citations and quotation marks omitted). "Determining whether a complaint states a plausible claim for relief will… be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

"In resolving a motion to dismiss, a court should employ a two pronged approach. It should begin by identifying and disregarding statements in the complaint that merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011) (citing Twombly, 550 U.S. at 555) (internal quotation marks omitted). Although a complaint attacked by a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "does not need detailed factual allegations… a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal citations and quotation marks omitted). That is, the court "need not accept as true legal conclusions from the complaint or naked assertions devoid of further factual enhancement." Maldonado v. Fontanes, 568 F.3d 263, 266 (1st Cir.2009) (citing Iqbal, 129 S.Ct. at 1960). "Non-conclusory factual allegations in the complaint must then be treated as true, even if seemingly incredible." Ocasio-Hernández, 640 F.3d at 9 (citing Iqbal, 129 S.Ct. at 1951).

When evaluating the plausibility of a legal claim, a court may not "attempt to forecast a plaintiff's likelihood of success on the merits; a well-pleaded complaint may proceed even if… a recovery is very remote and unlikely." Ocasio-Hernández, 640 F.3d at 12-13 (citing Twombly, 550 U.S. at 556). Thus, "[t]he relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." Ocasio-Hernández, 640 F.3d at 13.

### III. DISCUSSION

Claims arising under the Prison Litigation Reform Act of 1995 ("PLRA") require exhaustion of administrative remedies prior to filing suit in court. Accordingly, under the PLRA, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983][3], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Jones v. Bock, 549 U.S. 199, 204 (2007) (citing 42 U.S.C. § 1997e(a)). The Court also held that "failure to exhaust is an affirmative defense under the PLRA," id. at 216, and as such, "defendant prison officials must specifically raise the failure to do so as a defense. If they do not, the defense may well be waived." Id. In the case at hand, Defendant has raised such defense, and therefore, has not waived the same.

---

[3] Section 1983 states that:
> every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

With regards to Plaintiff's Section 1983 claim, the First Circuit has held that "[a] prisoner must exhaust administrative remedies before a complaint under § 1983 will be entertained even where the relief sought cannot be granted by the administrative process." Johnson v. Thyng, 369 Fed.Appx. 144 at 147 (1st Cir. 2010) (quoting Booth v. Churner, 532 U.S. 731, 734, 121 S.Ct. 1819 (2001)). The Court also noted that "[e]xhaustion is mandatory," Johnson, 369 Fed.Appx. at 146 (quoting Woodford v. Ngo, 548 U.S. 81, 85, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006)), and "has a decidedly procedural emphasis." Id. (quoting Booth, 532 U.S. at 739). "Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." Jones, 549 U.S. at 204 (quoting Woodford, 548 U.S at 94-95). In addition, this requirement "has the potential to reduce the number of inmate suits, and also to improve the quality of suits that are filed by producing a useful administrative record." Id.

In order to exhaust the administrative remedies, the prisoner must comply with the applicable regulation. See Woodford, 548 U.S. at 88 (holding that in order to properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules). These "rules are defined not by the PLRA, but by the prison grievance process itself. Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to properly exhaust." Jones, 549 U.S. at 228. "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prisons requirements, and not the PLRA, that define the boundaries of proper exhaustion." Id.

Under Rule VII(1) of the applicable regulation, the prisoner had the responsibility of including with his petition, among other things, "the dates and names of people involved in the incident." (Docket No. 14-1). Accordingly, the Court finds that by failing to include the dates of the correspondence in question, he also failed to comply with the grievance process, and hence, to adequately exhaust the available administrative remedies. Consequently, as set forth by the Defendant, Plaintiff is barred from filing suit before this Court until he properly exhausts all administrative remedies.

### IV. CONCLUSION

In light of the aforementioned, this Court hereby **GRANTS** Defendant's motion to dismiss (Docket No. 11) and **DISMISSES** Plaintiff's claims **WITHOUT PREJUDICE.**

**SO ORDERED.**

In San Juan, Puerto Rico, February 14, 2013.

 S/ **JUAN M. PÉREZ-GIMÉNEZ**
 **JUAN M. PÉREZ-GIMÉNEZ**
 **UNITED STATES DISTRICT JUDGE**